255 So.2d 852 (1971)
STATE of Louisiana, Through DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
P. Stanley BAGWELL, Defendant-Appellee.
No. 11713.
Court of Appeal of Louisiana, Second Circuit.
November 16, 1971.
Rehearing Denied January 4, 1972.
Writ Refused January 27, 1972.
Golden Mills, D. Ross Banister, Chester E. Martin, Johnie E. Branch, Jr., Jesse S. Moore, Jr., Baton Rouge, for plaintiff-appellant.
Snellings, Breard, Sarto & Shafto by George M. Snellings, Jr., Monroe, for defendant-appellee.
Before BOLIN, HEARD and HALL, JJ.
En Banc. Rehearing Denied January 4, 1972.
HEARD, Judge.
This is a suit by the Department of Highways under the provisions of LSA-R.S. 48:441-48:460 to expropriate a portion of P. Stanley Bagwell's land in the City of Monroe. The validity of the taking is not disputed and the value of land and improvements were stipulated by the parties *853 to be $5,662. The Department of Highways deposited $9,942 with the court in compensation for the taking and severance damage. The only issue in the trial court was the amount of severance damages to be paid Bagwell. He is the owner of two adjoining lots in the city of Monroe fronting 100 feet on the north side of Louisville Avenue with a depth of 143 feet along the west side of North Sixth Street. On the corner lot of Louisville and Sixth Bagwell conducts a used car business. On the lot adjoining is a finance business. The property taken is a strip of land across the front of the two lots approximately three feet wide at the east boundary of North Sixth Street, widening to approximately eighteen feet at the west boundary. This taking considerably reduced Bagwell's parking space in front of the building. The strip of land taken was used to widen Louisville and to provide a controlled access facility. In addition to the taking of land, the Department of Highways constructed raised concrete medians in the center of Louisville Avenue to provide a protected left-turn lane for traffic moving west.
This case was tried before the late Honorable Lea S. Thompson who died before rendering a decision. The parties agreed to submit the case on the trial record to another judge, who found that Bagwell sustained his burden of proof in showing severance damages in the amount of $25,000. Judgment was rendered against the Department of Highways for $30,662, being the sum of $25,000 and $5,662 as stipulated value of the land and improvements taken. Credit was given for $9,942 deposited previously by the Department of Highways. The State of Louisiana through the Department of Highways appealed devolutively from this judgment, and Bagwell answered the appeal praying for an increase in the award.
The sole issue in this case is the amount of severance damages to which Bagwell is entitled. It is the settled law of Louisiana that the criteria for determination of severance damages is the market value of the property remaining immediately before expropriation and after expropriation as of the date of trial. LSA-R.S. 48:453; Dakin and Klein, Eminent Domain in Louisiana, p. 165; State Through Dept. of Highways v. Marks, La.App., 188 So.2d 653 (4th Cir. 1966); State Through Dept. of Highways v. Baddock, La.App., 170 So.2d 5 (1st Cir. 1965), writ refused, 247 La. 349, 170 So.2d 867; State Through Dept of Highways v. Walker, La.App., 129 So.2d 35 (2d Cir. 1961); State Through Dept. of Highways v. Martin, La.App., 196 So.2d 63 (3d Cir. 1967); writ refused, 250 La. 736, 199 So.2d 179; State Through Dept. of Highways v. Babineaux, La.App., 189 So.2d 450 (3d Cir. 1966); State Through Dept. of Highways v. Mouledous, La.App., 199 So.2d 185 (3d Cir. 1967) cert. denied, 250 La. 934, 199 So.2d 927.
The three real estate experts testified to the before and after value of the property. A fourth expert testified as to severance damages based on the rental value of parking spaces taken. Two experts testifying for Bagwell considered that the market value was diminished because of the loss of parking space and loss of access due to the median being raised in Louisville Ave.
The trial judge found that the market value was diminished due to loss of access as well as loss of parking. The Department of Highways argues that it is error to compensate Bagwell for diminution of market value due to loss of access as a result of the median for the reason that the raised median was an exercise of police power of the State which diverted traffic, and therefore, under Louisiana law the diminution of market value is noncompensable. Our jurisprudence does distinguish between an exercise of the police powers of the State and an exercise of power of eminent domain. Our Supreme Court has stated in Department of Highways *854 v. Southwestern Electric Power Company, 243 La. 564, 145 So.2d 312 that:
"The police power, unlike the power of eminent domain, is used to regulate; the power of eminent domain being used to acquire property from private ownership." [145 So.2d 312, 315, 316]
The Department of Highways is correct when it contends that damages resulting from the diversion of traffic under the police power of the State are damnum absque injuria. Rudolph Ramelli, Inc. v. City of New Orleans, 233 La. 291, 96 So.2d 572 (1957); Patin v. City of New Orleans, 223 La. 703, 66 So.2d 616 (1953). This means that where the state or municipality erects a traffic light or makes a street one-way, the nearby property owners cannot recover damages for the diversion of traffic or other inconvenience. Had the state in this case simply erected a median in Louisville Avenue without more it is probable Bagwell could not recover damages to his property. The state did more than simply erect a median, they took a strip of Bagwell's property to widen Louisville Avenue and erected the median pursuant to the taking. This was not an exercise of the police power but rather an exercise of the power of eminent domain and just compensation is due if the market value of the property has been diminished through the loss of access as well as loss of parking space. Quoting further from Department of Highways v. Southwestern Electric Power Company, supra, the Supreme Court said that:
"* * * This constitutional guarantee of compensation for the taking and damaging of private property for public purposes is in no way affected by the fact that the expropriator is exerting police power. * * *" [145 So.2d 312, 324]
Thus, in our opinion there is no merit in the Department of Highway's argument that the trial judge erred in awarding damages for loss of access to Bagwell's property.
In State Through Dept. of Highways v. Schexnaidre, La.App., 247 So.2d 670 (2d Cir. 1971) we awarded damages for loss of limited parking as well as want of access from Louisville Avenue. We believe the trial judge was correct in this case in allowing severance damages due to loss of access as well as loss of parking.
W. Dean Carter found the severance damages to be $4,620. He based his valuation on the fact that approximately four spaces in front of the building were adversely affected. The rental value of parking spaces was used to figure Bagwell's damages at $4,620. He did not testify as to the market value of the remaining property either before or after taking.
J. Wayne Medley, a witness for plaintiff, found that there was no change in the market value of the remaining property.
E. A. Porter, Jr. estimated the severance damage at $38,960. Porter assessed the value of land prior to taking at $97,655 based on a cost approach of land and improvements. He valued the land prior to taking at $50,125 and improvements at $47,530. Porter testified that the after-taking value of the land and improvements was $58,593. This left damages of $39,062. Of course the part of the decrease in value after taking is due to the fact that there is less land. Porter seems to have recognized this and valued the land taken at $5,195 but he erroneously arrived at a severance damage figure of $38,960 rather than $33,867.
W. Gilbert Faulk found severance damages to be $47,250 basing this figure on a value estimate of the property prior to taking of $93,500. After taking he valued the property at $46,250 which he said made a total severance damage of $47,250. It is not clear whether he made allowance for the value of the land already taken and paid for.
*855 After an evaluation of all testimony the trial judge found the severance damage to be $25,000.
The rule in Louisiana for determining what weight is accorded the opinion of a qualified expert appears to be that as quoted from Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541 (1954) to be that:
"* * * the opinion of each witness qualified and accepted as an expert should be given effect if and when it appears to be well grounded from the standpoint of sincerity and good reasoning. * * *" [71 So.2d 541, 543]
The sincerity of all experts who testified is not disputed. However, Carter's testimony was not based on the before and after value of the property. Medley testified that the market value did not change. Porter's figures show that the severance damage is $33,400. Faulk's figures show that the severance damage is $41,588.
After consideration of all of the testimony we fail to find manifest error in the judgment of the trial court and it is therefore affirmed. Costs are to be borne by appellant.