HALL, Judge.
In this expropriation suit brought in connection with the construction of the Cy *160 press-Black Bayou Reservoir, Site #1, in Bossier Parish, the district court awarded defendant $6,452.50 as compensation for 25.85 acres taken in full ownership, $154 for a flowage servitude on a 7.7 acre tract and $2,520 as severance damages to defendant’s remaining property. Defendant appealed, taking issue only with the amount awarded as severance damages.
Defendant was the owner of a 120 acre tract of land located approximately five miles southeast of Benton. The central portion of the tract is traversed by White Oak Bayou which meanders across the property from east to west. The tract taken, which will be inundated with water upon completion of the project, follows generally the course of White Oak Bayou and divides the southern portion of defendant’s remaining property from the northern portion.
Defendant’s remaining tract south of the property taken consists of 63.524 acres of timberland. The primary basis for defendant’s claim for severance damages to this tract is that it has been isolated from access to any public road. Defendant particularly complains that the district court failed to give due weight to the fact that defendant formerly had access to this tract from the northern portion of his property and that the district court gave undue weight to the possibility defendant could obtain access to the tract over the lands of his brother and sister at a minimum cost or over a logging road across adjoining property owned by another landowner. The district court’s award was based on severance damages of $40 per acre, rounded off to $2,520 on the basis of 63 acres ratheT than the exact 63.524 acres. Defendant complains the award is entirely inadequate and should be increased to at least $125 per acre.
The criteria, for determination of severance damages is the difference between the’ market value of the remaining property immediately before and immediately after the expropriation. State Through Department of Highways v. Cartlidge, 258 So.2d 175 (La.App. 2d Cir. 1972); State Through Department of Highways v. Bagwell, 255 So.2d 852 (La.App. 2d Cir. 1971), writ denied 260 La. 456, 256 So.2d 442 (1972); State Through Department of Highways v. Potter, 204 So.2d 308 (La.App. 1st Cir. 1967). Any severance damages to the remainder of defendant’s property resulting from the expropriation may be offset by any special benefits to the remainder of his property, that is, any increment in market value caused by the new improvements for which the property was taken. State Through Department of Highways v. Mouledous, 200 So.2d 384 (La.App. 3d Cir. 1967), writ denied 251 La. 36, 202 So.2d 653 (1967). Nichols on Eminent Domain, Vol. 3, § 8.6211(19).
The present actual use and the highest and best use of defendant’s tract of land is for the growing of timber. In determining the amount of the award for the property expropriated, the district court found that defendant’s tract had a value of $250 per acre. Plaintiff’s appraisers had estimated the value at $100 and $110 per acre respectively, exclusive of timber value which the court found to be approximately $144 per acre. Defendant’s appraisers appraised the property at $250 and $300 per acre, including timber value.
Both of plaintiff’s appraisers were of the opinion there were no severance damages to the remaining southerly tract for the reasons that (1) defendant’s property had no access by a dedicated, public road before the taking and, therefore, the southerly tract was not damaged by having no access by public road after the taking, and (2) the enhancement of value of the southerly tract due to its susceptibility of being subdivided into lakefront lots after the project is completed more than offsets any damages otherwise sustained. Defendant’s appraisers fixed severance damages to the southerly tract at $100 and $125 per acre respectively. The weight of the opinions of defendant’s appraisers is diminished somewhat because their reports, offered *161 into evidence in lieu of their oral testimony, do not set forth any reasons or basis for their opinions as to severance damages.
The evidence shows that before the taking defendant had vehicular access to the northern portion of his property by a well-defined iron ore surfaced road leading from a public road across the property of others. This road had been in use for many years and may have been maintained by the parish at one time although it had not been so maintained for a number of years and at the time of the taking was blocked by a locked gate on defendant’s brother’s land. The evidence shows defendant could get from the northern portion of his property to the southern portion by a dirt road and that he could get across White Oak Bayou during most of the year. The evidence also discloses that in prior logging operations on defendant’s property, access to the southern portion was gained over a logging road across the property of adjacent landowners but there is no assurance that this route will be available to defendant in the future. There is likewise no assurance that defendant will have access across the property belonging to his relatives. Unquestionably, defendant’s southerly tract is left without access by public road and is damaged in value by reason of that fact.
In fixing the severance damages at $40 per acre, the district court recognized the lack of access as a damaging factor since that is the only basis on which any award of severance damages could be made under the evidence in this case. Our review of all of the evidence bearing on severance damages convinces us that the award of the district court fairly compensates defendant for the diminution in market value of his remaining property and that the award of the district court is not manifestly erroneous.
Defendant also urges on this appeal that a resolution adopted by the plaintiff District prohibiting the use of guns on the property expropriated should be made a part of the judgment in this case. No authority is cited in support of defendant’s position and it does not appear from the record that the resolution of the District has any legal relationship with the rights and title acquired by plaintiff in this expropriation suit. Defendant’s contention in this respect is without merit.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.