BOLIN, Judge.
This is the latest in a series of appeals involving expropriation of property by the Highway Department in the City of Monroe, Louisiana, for the purpose of improving the flow of traffic on Louisville Avenue and on arterial streets bringing traffic into that avenue. The order of expropriation decreed the state to be the owner of 2,137.98 square feet taken from the corner of a two-lot tract owned by defendants and located on the northwest corner of Louisville Avenue and North Fifth Street, leaving a remainder of 11,730 square feet. At the beginning of the trial defendants’ counsel stipulated the value of the land taken was $6,200 or $2.90 per square foot, and the value of the residence was $2,300, or a total for the land and residence of $8,500. The sum of $7,800 was deposited in the registry of court by plaintiff and withdrawn by defendants. The case went to trial on the question of severance damages to the remainder of defendants’ property.
The trial judge awarded severance damages in favor of defendants for $14,800, *683 being the lower of the two estimates of defendants’ appraisers, and plaintiff appeals. For reasons hereinafter expressed, the judgment is amended by decreasing the award for severance damages to the sum of $13,607.26.
The sole issue before us is whether the landowners are entitled to any severance damages and if so, what is the proper amount of the award?
Severance damage, which is the diminution in the market value of the parent tract caused by the expropriation, is provided for in Louisiana Constitution, Article I, Section 2:
“No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
When the Highway Department acquires title to property by a “quick-taking” proceeding, as it did in the instant case, Louisiana Revised Statutes 48:453 provides:
“The market value is determined as in general expropriation suits but as of the time the estimated compensation was deposited in the registry of the court.

“Damage to the remainder of the property is determined as of the date of the trial.

“In either case the defendant has the burden of proving his claim.” (Emphasis supplied)
The Carso property is within one block, and in the same relative position, as the Bagwell property, part of which was expropriated for the same project and which this court was concerned with in State Through Department of Highways v. Bagwell (La.App.2d Cir. 1971), 255 So.2d 852, writ denied 260 La. 456, 256 So.2d 442. It is also located diagonally across Louisville Avenue from the Schexnaidre property, the value of which was considered by this court in State, Department of Highways v. Schexnaidre (La.App.2d Cir. 1971), 247 So.2d 670.
Four witnesses testified as to the before and after value of the remainder. J. Wayne Medley, qualified appraiser for plaintiff, testified the market value of the remainder was not diminished. He reasoned that the 11,730 square feet remaining after the taking was of sufficient size to allow for a substantial building with ample off-street parking; that there were 98 feet fronting on Louisville with ingress and egress to westbound traffic on Louisville; that there were 112 feet fronting on North Fifth Street with ingress and egress for southbound traffic on that street. It was agreed the testimony of W. Dean Carter, another appraiser for the state, would be essentially the same as that of Medley.
Defendants tendered three witnesses on trial of the issue of severance damages and two, E. A. Porter and Charles L. Saltz-man, were accepted as experts. Both agreed the highest and best use of the property was for commercial or general business purposes, which was not changed by the taking. Both Porter and Saltzman used the same comparables as Medley and by adjusting these comparables arrived at a before value for the whole tract of $48,500 and $43,700 respectively. There were no comparables by which to arrive at the amount of severance damage but, based on their experience in real estate appraisals and sales and by talking to various persons in the community, they concluded the remainder was damaged 40% and estimated the severance damage at $15,815 and $14,800 respectively. They attributed this damage to the reduction in the size of the remainder combined with the raising of the median in Louisville Avenue, asserting that the reduction of access by such medians substantially reduces the market value of property for general business uses.
Appellant urges that defendants have failed to prove any severance damage was caused by the taking. It is contended that any damage, attributable to the raising of *684 the median in the center of Louisville Avenue and the making of North Fifth a one-way street, is non-compensable since this was a diversion of traffic performed under the police power of the state. In support of this argument appellant cites Patin v. City of New Orleans, 233 La. 703, 66 So.2d 616 (1953) and Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218 (1958).
The cited cases are distinguishable from the instant case in that in those cases none of the landowner’s property was expropriated, whereas in the case before us a substantial portion of defendants’ property was taken in order for the state to accomplish it project.
In the recent Bagwell case, supra, we enunciated the principle that where the state expropriates property for purposes of widening a street and improving the flow and direction of traffic and, as an integral part of this project, erects a concrete median which effectively reduces access to commercial property fronting on such street, it becomes an exercise of the power of eminent domain and just compensation is due if the market value of the property has been diminished through loss of access as well as loss of parking space. We think this principle is equally applicable to the instant case since the state expropriated part of the Carso property for the purpose of widening Louisville Avenue and erected a median pursuant to the overall purpose of the project, thereby rendering the access to defendants’ property more burdensome by directing the flow of traffic in one direction along the entire frontage thereof.
We conclude the value of the Carso property has been diminished by the raising of the median in conjunction with the expropriation and defendants are entitled to recover for this diminution.
Since the only testimony relative to the extent of the damage is the estimate of defendants’ two appraisers who calculated the diminution at 40%, which percentage was adopted by the trial judge, we shall do likewise. However, we agree with appellant that the value assigned to the 11,730.40 square feet remaining should not exceed $2.90, the stipulated square foot value of the land taken, or a total of $34,018.16. Allowing 40% of this amount reduces the severance damage to $13,607.26.
For the reasons assigned the judgment is amended so as to reduce the award for severance damage from' $14,800 to $13,607.26, or to reduce the total sum as just compensation from $23,300 to $22,107.26; subject to a credit of $7,800 previously deposited by the plaintiff, with five per cent interest on $14,307.26 from June 26, 1968, date of the taking, until paid. As thus amended the judgment is affirmed.