ELLIS, Judge:
This is an expropriation suit brought by the State of Louisiana through the Department of Highways, under R.S. 48:441 et seq., the quick taking statute. The defendant landowners are Theo F. Cangelosi, Ralph C. Jenkins, James H. Jenkins and James H. Jenkins, Sr. The property was expropriated for the purpose of widening Essen Lane in Baton Rouge from two to four lanes. Essen Lane runs from Jefferson Highway southwest to Perkins Road, with interchanges at Interstate Highways 10 and 12.
Defendants are the owners of a tract of approximately 180 acres on the westerly side of Essen Lane at its intersection with Perkins Road. Three parcels of land were taken in full ownership and two for construction servitudes. There is no contest as to the values placed on parcels 1-13 and 1-18, two of the parcels taken in full ownership, or on the two construction servi-tudes. Defendants have appealed from the judgment of the trial court, complaining of the failure of the judge to award severance damages. Plaintiff has answered the appeal and asked that the award made by the trial judge as to parcel 2-1 be reduced.
In appraising the properties, both of the appraisers who testified isolated a 250 foot square parcel forming the corner of Perkins Road and Essen Lane from the remainder of the tract because of its peculiar suitability for a service station site. They placed a value of $3.30 per square foot on this parcel, which included all of parcel 1-18 and a portion of parcel 1-13. Neither appraiser testified that the taking in any way impaired the suitability of the parcel as a service station site. However, defendants claim that, because of a raised median strip 'in the center of Essen Lane, traffic northbound on Essen will not be able to turn left to enter the site. They claim that the impaired access to the parcel reduced its value from $200,000.00 to $150,000.00, and they are asking for the $50,000.00 difference as severance damages.
In so doing, defendants rely on the holdings in State, Department of Highways v. Bagwell, 255 So.2d 852 (La.App. 2 Cir. 1972), and State, Department of Highways v. Carso, 261 So.2d 682 (La.App. 2 Cir. 1972). These cases support the proposition that a diminution in value caused by construction of a concrete median as an integral part of the project for which defendant’s property was taken, is compensable as damage caused by the taking. In those cases, as in this case, the Department contended that the design of the project was an exercise of the police power, and damages resulting therefrom are not compensa-ble. They thereby differentiate between damages caused by the taking itself and damages resulting from the construction of the project.
*808 In cases in which there is no taking, but damages are caused as a result of the construction of the improvement, such have been held compensable only if they are peculiar to the property being taken, rather than general as to all properties similarly situated. See Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218 (1958). However, those cases have been distinguished from cases in which there is an actual taking. State, Department of Highways v. Garrick, 260 La. 340, 256 So.2d 111 (1972); State, Department of Highways v. Carso, supra.
We conclude, therefore, that if a portion of a parcel of property is taken for a public improvement, that any diminution in the value of the property as a result of the design or construction of the improvement, is compensable in the form of severance damages.
The evidence offered by defendants in support of their claim for severance damages is a series of letters detailing negotiations in 1970 between an oil company and a third party, apparently a representative of defendants, relative to the purchase of the corner tract for $200,000.00. No agreement was ever reached as to price or the size of the tract to be purchased, and the same company, on July 14, 1971, bought a similar tract of land immediately across Essen Lane for $150,000.00. Defendants’ expert testified that the negotiations with the oil company indicated a value of $200,000.00 for the lot before the taking, and the purchase of the lot across the street an “after” value of $150,000.00.
The trial judge rejected the above testimony because of the inherent unreliability and weakness of evaluations based on negotiations rather than on comparable sales. We agree with his finding in this respect. See State v. McDuffie, 240 La. 378, 123 So.2d 93 (1960). We also point out that severance damages must be figured on the tract as a whole, rather than on only a portion thereof. Defendants offered no testimony to this effect. Plaintiffs expert found no severance damages. We think the trial judge correctly rejected this claim.
Parcel 2-1 is a strip of ground 25 feet wide and 2906.23 feet long, containing 1.-688 acres and fronting on the westerly side of Essen Lane through its entire length. The entire strip is encumbered with a servitude in favor of the East Baton Rouge Parish Consolidated Sewer District, which severly limited the use thereof. The zoning of this parcel was residential at the time of the taking. However, we note that the remainder immediately adjacent on the west was rezoned from residential to commercial prior to the taking, but the 25 foot strip subject to the servitude was excluded from the change because it was to be expropriated.
The defendants’ expert found the highest and best use of the tract to be commercial, and evaluated it on this basis despite the zoning. Plaintiff’s expert also believed the highest and best use was commercial, but evaluated the parcel in accordance with its zoning classification. It seems obvious that parcel 2-1 was not included in the change to commercial zoning only because it was about to be expropriated. Since there is no disagreement as to its highest and best use, and since it would have been rezoned but for the pending expropriation, we find that it should properly be evaluated as commercial property. Both appraisers found the value of C-l commercial property fronting on Essen Lane to be $1.25 per square foot, and each depreciated the value of parcel 2-1 by 50 per cent, because of the existence of the servitude. The district judge adopted these figures and awarded a $.625 per square foot, or a total of $45,955.00. We find no error in his conclusion, in view of our finding as to the highest and best .use.
The judgment appealed from is affirmed, at defendants’ cost.
Affirmed.