## No. 243.

MRS. E. E. GRIFFIN VS. THE SHREVEPORT AND ARKANSAS RAILROAD COMPANY.

1. Under Article 156 of the Constitution, providing that "Private property shall not be taken nor damaged for public purposes without just and adequate compensation first paid," it is not necessary to establish an actual trespass or physical taking of the property itself; it suffices if the property has been substantially damaged by the public work.
2. What kinds and elements of damage may or not be recovered do not need to be determined in this case. in which the demand is restricted to the actual diminution in the market value of the property occasioned by the work, which is undoubtedly recoverable.
3. When a railroad company builds in a public street an elevated embankment for its road-bed, the effect of which is to seriously impair and obstruct the access to plaintiff's property and to impair its value, it is not protected from responsibility by showing corporate authority for the work.
4. Quantum of damages and consideration due to verdict of jury discussed.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*Land & Land* for Plaintiff and Appellee :

1. The power of the Legislature or municipalities to grant railroad companies the right to lay and operate tracks in streets is subject to the proviso that the road be so constructed as not to exclude the public from any part of the street. 35 Ann. 641.
2. A railway laid out over or on a highway so as to obstruct it, without express statute authority, is a nuisance. Dillon. Sec. 708.
3. The right of the owner of land to use an adjoining street is property, and any deprivation of the ordinary use of it is a taking of property. Cooley, Const. Lim., 680–1 ; 679, note 1.
4. Article 15 of Constitution of 1879 gives the right to property owners to recover any substantial damage sustained by the making or using of an improvement that is public in its character. The elements of damage are the diminution in the sale or rental value of property and the impairment of value of improvements. Chicago vs. Taylor, 125 U. S., 161–170.

*Alexander & Blanchard* for Defendant and Appellant :

The verdict of a jury on a question of fact is no stronger than the evidence which supports it. In case of doubt this court will sustain it; if manifestly unsupported by the evidence, such a verdict will be disregarded.

The verdict of the jury, even as to the facts of the case, has no controlling influence upon the conclusions of this court. It is its province and duty to reverse such verdict, as well as the judgment of an inferior court, when a careful examination of the verdict and review show that the jury was mistaken as to the facts. Boon vs. O'Neal, 33 Ann. 1187.

A careful review of the evidence in this record, while it may leave the court in some doubt as to the amount of benefit which accrued to plaintiff's property by reason of the construction of the work complained of, will certainly force upon it the conviction that the property suffered no damage.

The opinion of the Court was delivered by

FENNER, J. The plaintiff claims damages in the sum of $10,000, being the amount of diminution of the market value of her property occasioned by the construction by defendant of elevated embankments for the laying of its tracks along the streets contiguous to said property and several feet above the grade of said streets, the effect of which is to obstruct and partially to cut off access thereto.

The anwer of defendant admits the building of the embankments and the tracks ; but avers that said constructions were made under authority of the council of the city of Shreveport; that, therefore, it acted in exercise of a legal right, with due care and caution, and is not liable for any resulting damage to plaintiff.

The Art. 156 of the present Constitution of this State provides : " Private property shall not be taken *nor damaged* for public purposes without just and adequate compensation first paid."

A similar article in the Constitution of the State of Illinois has recently passed under the review of the Supreme Court of the United States, and it was held that under such provision, a recovery may be

had in all cases where private property has sustained a substantial injury from the making and use of a public improvement, whether the damage be direct, as when caused by trespass or physical invasion of the property, or consequential, as in a diminution of its market value. Chicago vs. Taylor, 125 U. S. 161.

The opinion is well considered and conforms to the rulings of the Supreme Court of Illinois on the same subject. Rigney vs. Chicago, 102 Ill. 64 ; Chicago and W. I. R. R. vs. Ayers, 106 Ill. 518.

The doctrine seems to us clearly correct and we adopt it.

It follows that the authorization by the city of Shreveport cannot avail to protect the defendant. Had the city itself done the work it would have been responsible.

There is no serious conflict in the evidence on the point that the embankments do materially obstruct access to plaintiff's property and impair the convenience of its use as a cotton warehouse for which it is constructed.

We are not concerned, in this case, with the character and extent of the consequential damages for which a party may be entitled to recover in such a case. The plaintiff has herself confined her demand to the diminution in the market value of her property, and the authorities quoted leave no doubt that this is a recoverable element of damage.

There is really but one controvertible question in the case, viz : the quantum of damages.

The case was tried before a jury, which heard the testimony, viewed the *locus in quo*, and returned an (apparently) unanimous verdict for $1625. A motion was made for a new trial and the judge rendered a written opinion refusing it, in which he says the jury was an intelligent one, and announces his own approval of their verdict.

We have carefully read and considered the testimony, which is conflicting and contradictory in the estimates of the effect of the works upon the value of the property. While we are not bound by the findings of a jury even on questions of fact or of damage and do not hesitate to reverse them when manifestly erroneous or excessive, yet we give them the weight to which they are justly entitled and do not lightly disturb them. We can find no warrant to reverse the verdict in this case, which is moderate in amount and fully sustained by numerous witnesses, though contradicted by others.

Judgment affirmed.