**66 So.2d 616**

**PATIN et ux. v. CITY OF NEW ORLEANS et al.**

No. 41009.

July 3, 1953.

———◇———

Henry B. Curtis, City Atty., Charles E. Cabibi, Asst. City Atty., and Paul V. Cassisa, New Orleans, on the brief, for defendant-appellant.

Edward A. Parsons, Clay & Coleman, James Julian Coleman, Edwood R. Clay, Louis J. Dutrey, Jack W. Thomson, Jr., Clem H. Sehrt, Edward J. Boyle, Dudley A. Philips, Jr., and Hilary J. Gaudin, New Orleans, for plaintiffs-appellees.

FOURNET, Chief Justice.

The defendant, City of New Orleans, is appealing from a judgment of the District Court awarding to plaintiffs, Mr. and Mrs. Richard J. Patin, damages in the sum of $2,500 in their suit against the defendant to recover $25,000 because of alleged injury to their property at the corner of Franklin Avenue and Industry Street in New Orleans, formerly operated and leased by them as an oil station and auto repair shop, as a result of the construction of an overpass on Franklin Avenue (spanning certain railroad tracks which cross Franklin Avenue at an intersection a block distant from plaintiff's property), pursuant to the Union Passenger Terminal plan to eliminate grade crossings throughout the city. The plaintiffs answered the appeal, asking for judg-

ment in the full amount of their original demand, plus interest and costs in both courts.

The trial judge concluded, after hearing much expert testimony by realtors and appraisers and after personally viewing the premises, that the property had suffered a total diminution in value of $10,000, estimating that three-fourths was due to diversion of traffic and one-fourth attributable to the overpass; and in a well considered opinion containing a comprehensive review of pertinent authorities, expressed as his reasoned judgment that there could be no recovery by plaintiffs for that part of the diminution in value which is attributable to the diversion of traffic, since a city under its police power has authority to divert traffic as best suits the public needs without subjecting itself to liability, so long as access to the premises is not impaired.

Counsel for appellant (City of New Orleans) assert that the judge below correctly stated the universal rule in the United States: that damage resulting from a diversion of traffic by a governing authority is not compensable; but contend that the District Court erred in awarding damages in any amount because there is neither allegation nor evidence to show injury resulting from a cause other than diversion of traffic—which points were raised by exception of no cause of action and reiterated by objection to the evidence.

Counsel for appellees (Mr. and Mrs. Patin), on the other hand, claim that the learn-ed trial judge properly found a depreciation in market value (the measure of compensation, under our jurisprudence, to be paid to an owner whose property is damaged for public purposes) of $10,000, in which he is fully supported by the evidence, but argue that the Court, in not allowing the full amount, obviously overlooked our decision when the case of Harrison v. Louisiana Highway Commission was before us for the second time, reported in Volume 202 of Louisiana Reports at page 345, 11 So.2d at 612, which, contrary to the general law on the subject matter, is said to be authority for the proposition that reduction in the market value of property due to diversion of traffic from an abutting street is compensable. (A brief was filed by amicus curiae in which this argument is also made.)

A mere reading of the petition readily discloses that there is no merit to the exception of no cause of action filed by the City. Its allegations recite damage unconnected with traffic diversion; consequently, proof in support thereof was properly admitted, and a review of the record shows ample support for the trial judge's findings.

A study and analysis of the entire opinion in the second Harrison case fully reveal the error of counsel's interpretation of the Court's holding therein. The facts were that because of traffic regulations and safety rules in effect at and near the bridge

approach, access to the premises involved was seriously impeded, and the street on which the properties abutted had been narrowed to such an extent that the buildings (wholesale and retail stores) could not be served by trucks; so that, clearly, the basis of the award was not diversion of traffic, but was interference with ingress to and egress from the properties, as well as obstruction of light and air and the impairment of the view from the front of the buildings. The present case, however, presents no such factual considerations, and a series of photographs which form part of the record are convincing proof that access to the property has not been impaired. The overpass, supported on regularly spaced concrete pillars, is some ten feet in height above the grade of Franklin Avenue at the corner owned by plaintiffs (measuring 96 feet on Franklin Avenue by 119 feet on Industry), and is separated therefrom by an eighteen foot street and a sidewalk; a traffic opening beneath the overpass as it crosses Industry Street permits free passage in that direction; so that the property is accessible from both Franklin Avenue and Industry Street, as before, and the street system of the city is freely accessible as well.

No useful purpose can be served by analyzing the other authorities relied on by counsel for appellees and those cited in brief by amicus curiae as they are not apposite from either a factual or legal standpoint, and therefore are not controlling.

For the reasons assigned, the judgment appealed from is affirmed.