JOHNSON, Judge.
The plaintiff sued for alleged damages to his property fronting on West End Boulevard which damages he alleges were caused by defendant when the improvement of that Boulevard deprived him of one means of ingress and egress to the front of his property.
The District Court maintained an exception of no right or cause of action filed by defendant and plaintiff appealed.
After describing the property, the pertinent allegations of plaintiff’s petition are as follows:
“4.
“That on or about November 1, 1964, the Louisiana Department of Highways enclosed that portion of West End Boulevard immediately in front of petitioner’s property hereinabove described, thereby depriving petitioner of one means of ingress and egress to his property and in fact that means of ingress and egress to the principal portion of his property specifically the front of his property thereby causing serious damage to petitioner.
“5.
“That the closure of this street by the Louisiana Department of Highways was made in connection with the Interstate Highway program in the City of New Orleans and/or the Pontchartrain Boulevard interchange program, * * * ”
To say the least, plaintiff’s allegations are somewhat vague and inept. However, there is enough to indicate what plaintiff is driving at and if the petition is vague such a defect does not render the suit subject to dismissal on a peremptory exception. The plaintiff should be afforded the opportunity, if he desires it, to amend. On the face of the petition it would appear that some of plaintiff’s claims may not be well founded in law, but if any *432 part of the petition asserts a cause which, if supported by proper proof, would give a right of redress, the suit will not be dismissed on the exception of no right or cause of action. For the purposes of consideration of the exception, the court must accept the allegations as true, whether they are actually true or not.
In Article 8 of the petition the plaintiff alleges one item of damage to be “the reduction in value to the property of petitioner * * * ” Other items for which plaintiff claims damages are: .Discomfort and inconvenience, loss of aesthetic values, expense of finding another comparable home and attorney’s fees. We are not called upon at this stage to select which one or more of the items constitute a cause of action and which one or more, if any, are not lawful claims, so long as it is clear that at least one of the claims may have possible merit which the authorities have recognized as asserting a cause of action, leaving to the trial court the duty to make that determination after he hears the evidence on the trial of the case.
The fact that no property was taken by expropriation for public purposes is not always a complete answer to a claim for damages in a case of this nature. Our Constitution in Art. I, Sec. 2, provides that private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid. Damages can result in a number of ways. There are three main categories: The market value of property expropriated; severance damages where part of the property is taken and part of the same property is not taken, and consequential damages to property when no part of it is taken. There are certain consequential damages for which the state is not liable. The courts have allowed consequential damages for reduction in value of property caused by public improvement and that is the basis of one of plaintiff’s claims. Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218; Patin v. City of New Orleans, 223 La. 703,
66 So.2d 616; State, through Department of Highways v. Terry, La.App., 194 So.2d 144; Britt v. City of Shreveport, La.App., 83 So.2d 476. In Gulf States Utilities Company v. Comeaux, 182 So.2d 187 (189), the Court of Appeal, Third Circuit, said:
“We agree with defendant that a physical invasion of real property or of a real right is not indispensable to the infliction of damages within the meaning of the provisions of Article 1, Section 2, of the Louisiana Constitution. However, consequential damages to a separate and independent tract of land, no part of which is physically taken or invaded for public purposes, are not recoverable unless the owner sustains special damages, caused by the public works, which peculiarly affect his property only and which are not sustained by the public or neighborhood generally.” (Authorities are cited by the Court).
Whether the plaintiff can present admissible evidence to prove the present allegations of the petition may be questionable. For instance, in his argument before this court counsel for plaintiff attributed the complaints mainly on the closing of Homedale Street, which he said borders the side of plaintiff’s property and which he said was closed by the new construction of West End Boulevard. Plaintiff’s petition does not say anything about the closing of Homedale Street. If he could make allegations more understandable he should have the right to do so. The suit should not be peremptorily dismissed. We do not infer by this ruling that plaintiff has suffered consequential damage because that question is not before us at this time.
The judgment appealed from is reversed and this case is remanded to the Civil District Court for the Parish of Orleans to be proceeded with according to law. The defendant is to pay the costs of this appeal.
Reversed and remanded.