SARTAIN, Judge.
The issues on the appeal of this expropriation suit are limited to the finding of severance damages and the amount of expert witness fees for the defendant landowner’s expert witness, whose testimony was the basis for calculating those damages.
*279 The expert witnesses for the Department of Highways testified that no severance damages resulted from the expropriation in question. The defendant’s expert estimated severance damages at 35% of the value of the property before the taking.
The trial judge found that severance damages did in fact result and used the figure of 35%, the only estimate available in the testimony, in calculating the award. He also assessed as costs $400.00 for fees for defendant’s expert witness.
We reverse the judgment of the trial court in finding severance damages and in making the award of expert witness fees for defendant’s expert.
As in all cases of this nature, the facts relative to the taking of the particular property in question are controlling. State, Dept. of Highways v. Singletary, 185 So.2d 642 (La.App. 1st Cir. 1966).
It is agreed that the highest and best use of the subject property before and after the taking was residential. The property before the taking was situated on Vance Street in Bogalusa, Louisiana, which was a two-lane, asphalt street in a relatively quiet residential area characterized by light, local traffic.
As a part of State Project Number 30-03-09, the Sun-Bogalusa Highway on Louisiana State Route 21, the plaintiff expropriated 549.22 square feet of defendant’s property, being a strip about 5(4 feet deep by 100 feet front. Prior to the taking, the property of the defendant consisted of a lot containing a total area of 21,549.22 square feet on which were a frame dwelling and a storage building. The front of the dwelling was about 28 feet from the Vance Street right-of-way and after the taking this distance was reduced to about 22(4 feet from the right-of-way of the new four-lane by-pass.
It was stipulated that the value of the land taken was thirteen cents per square foot, or a total value of $72.00. It was also not disputed that $9.00 was adequate for the taking of 18 square feet of sidewalk and that $44.00 was adequate for the taking of 240 feet of fencing. In addition, $10.00 was deemed adequate for a temporary servitude in favor of the state.
The item in dispute is the $3,554.64 for severance damages based on the figure of 35% diminution in the value of the remaining property estimated by Mr. James Stevenson, the defendant’s expert witness. The appraisers for the state found no severance damages had resulted from the taking.
The trial judge in his reasons for judgment was convinced that Mr. Stevenson was familiar with the value before and after the taking since he owned rental property across the street from the subject property, which was also rental property. His testimony was that the nature of the property had changed. It had been suitable for family living, including small children, but due to the heavily increased traffic, noise, dust and hazard at all hours of the day and night, and the proximity of the dwelling, it was no longer suitable for such purposes. The subject property at the time of trial was being rented to a couple described as elderly and hard of hearing. Of the three rental dwellings owned by Mr. Stevenson, one stayed vacant consistently and the other two had an occupancy rate of 20% to 25%. All of these factors taken together resulted in Mr. Stevenson’s opinion that the remainder of the subject property had suffered a loss in market value as a direct result of the taking. In fact, he testified, “I think the whole neighborhood has been destroyed.”
We cannot say that the trial court was in error in concluding that these factors had the effect of reducing the market value of the subject property to some extent. But, as a matter of law, the landowner must not only prove that the damages to his property resulted from the taking but must also prove that the damages were compensable and not damnum absque injuria.
*280 Under the authority of State, through the Dept. of Highways v. Mason, 254 La. 1035, 229 So.2d 89 (1969), loss of rent may be a factor in determining whether the market value of the property remaining has been diminished as a result of the partial taking. The burden of proving such loss is on the landowner. 229 So.2d 93-94.
In the instant case, the subject property was being rented at the time of trial and had been rented for over a year prior thereto at a sum of $50.00 per month plus utilities. Since there was no testimony by the landowner that this figure was higher or lower than the rent he had ever charged before for this property, we find that he has not sustained his burden of proving actual loss of rent. The difficulty that Mr. Stevenson experienced in renting his property is hardly sufficient to prove special or severance damages to the subject property of Mr. Garrick.
The general rule that loss of market value due to the taking is recoverable is subject to the limitation that such damages must be peculiar to the subject property and not such as are suffered generally by other landowners in the area. The latest discussion of this principle is in the case of Reymond v. State, through the Dept, of Highways, 255 La. 425, 231 So. 2d 375 (1970). Although that case did not involve actual partial taking of the subject property and is thus distinguishable on a basis of fact, the language relative to the assessment of special damages is highly persuasive in indicating the Supreme Court’s position on the matter of com-pensability :
“The criterion for assessing the special damage suffered by a property owner because of the construction of a public project under eminent domain is whether that damage is not suffered by those in the general neighborhood — that is, whether the damage is peculiar to the individual who complains. In this case the effect of the construction is not limited to the neighborhood, or even to plaintiff and her three neighbors, and certainly not to the plaintiff alone. All the owners of such property, like the plaintiff here, must suffer the noise of traffic and must view less pleasant surroundings. In the metropolitan areas through which Interstate 10 passes, literally hundreds of houses which once had ingress and egress by direct routing of streets are now situated below elevated multi-lane highways and are reached by circuitous or more inconvenient routes. These are not in themselves special damages; they have not been and are not recoverable. Patin v. City of New Orleans, 223 La. 703, 66 So.2d 616; Thomas & Warner, Inc. v. City of New Orleans, 230 La. 1024, 89 So.2d 885; Rudolph Ramelli, Inc. v. City of New Orleans, 233 La. 291, 96 So.2d 572; Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218. Even when, as in the instant case, an actual diminution in market value of the property is found to exist because of these factors, this diminution is not compensable. Damages which cause discomfort, disturbance, inconvenience, and even sometimes financial loss as an ordinary and general consequence of public improvements are not compensable, and are considered damnum absque injuria.”
Inasmuch as Mr. Garrick has not shown how his property in this case has been peculiarly damaged by the increased traffic, noise and dust in ways which have not affected other property along the by-pass right-of-way, we find that the trial judge erred in concluding that the damages complained of are compensable as severance damages.
The remaining question before us is the award of $400.00 as an expert witness fee for the defense to Mr. Stevenson. In the Reymond case, supra, the court, after finding that the diminution of value was not compensable and after setting aside that portion of the award, also set *281 aside the award of expert witness fees to the landowner’s expert, whose testimony was designed only to establish that diminution in value. In the instant case the testimony of Mr. Stevenson was almost entirely, if not entirely, introduced for the same purpose. The value of the land, sidewalk and fence actually taken, as to which he also testified was never in serious dispute.
For the foregoing reasons, the judgment of the lower court is reversed in part and affirmed in part. The award for the actual taking of land, sidewalk, fence and temporary servitude in the amount of $135.-00 is affirmed. The award for severance damages in the amount of $3,554.64 and the award of $400.00 to defense expert, Mr. Stevenson, are each set aside. As thus amended, the judgment is affirmed, at ap-pellee’s cost.
Reversed in part, amended and affirmed.