TUCKER, Judge.
This is an expropriation suit instituted by the Parish of East Baton Rouge, Louisiana, against Emery J. Fontenot for the purpose of expropriating a right of .way to build an improved drainage structure of *231 the area drained by the old channel of Claycut Bayou.
The lower court fixed the value of the expropriated usable property at $16,725.00 and also found severance damages in the amount of $16,250.00 from which judgment the Parish of East Baton Rouge appealed.
The defendant answered the appeal and asked that the award be increased $2,250.00 to cover the value of two bridges across the channel involved.
The issue on this appeal is limited to a finding of value and damage.
The land involved in the instant suit is a servitude of 1.42 acres which constitutes a canal or channel at a length of about 300 feet by 125 foot wide servitude which contains the canal with measurements of 12 to 13 feet deep with a bottom width of 40 feet and a top width of 80 feet. This canal severs or divides the defendant’s land and leaves an additional area of 1.70 acres landlocked.
The land was originally purchased by the defendant on January 15, 1965 for $62,500.-00 or some $9,375.00 per acre.
There is a great divergence in value placed on the land by the respective appraisers.
For the Parish of East Baton Rouge, Mr. John Allphin gave a total value of $11,400.00 which included both damages for the land taken, severance damages, outbuildings and bridges. Mr. Karl J. Snyder placed the value at $8,256.00.
For the defendant, Mr. John Lejeune placed a total value of $32,975.00 and Mr.' Kermit Williams a total value of $33,700.-00.
Appellant has contended that the trial court ignored the opinion of the other appraisers and ignored the influence the drainage project would have on the prices of real estate in the entire area drained by the bayou. Defendant-appellees feel that the trial court erred in ignoring the testimony of their appraisers valuing the bridges which were destroyed at $3,000 and $3,500, respectively.
An examination of the testimony of plaintiff-appellant’s appraiser, together with that of the defendant appraisers, indicates that the widest divergence in their opinion concerns the value of a 1.70 acres which was landlocked. Plaintiff-appellant’s appraisers placed a very minimal value on this land reducing the severance damages insofar as their testimony was concerned to a small amount.
The record reveals that at the time the defendant purchased the land that there was a drainage ditch 15 feet wide at the top which crossed the property approximately 300 feet back from the highway. The ditch was crossed by two 20 foot creosoted piling supported bridges. The drainage ditch at that time was a natural servitude drain and was purchased by defendant-appellee as one tract.
This court has held before that in cases of this type there are two points at issue. These are, the determination of the value of the land taken and severance damage to the remainder caused by the taking. Parish of East Baton Rouge v. Succession of Cashio, et al., 246 So.2d 290 (1st Cir.)
This court, has also specifically recognized severance damages in like cases as an element of the damages. Parish of East Baton Rouge v. S & H Heating Co., Inc., La.App., 216 So.2d 360 (1st Cir. 1968); Parish of East Baton Rouge v. Seaman, La.App., 243 So.2d 869 (1st Cir. 1971)
It would appear that plaintiff-appellants are not correct in contending that the trial court has erred in ignoring the influence of the drainage project for which the property was being taken on prices of other real estate in the area drained by the bayou.
For that would be the reverse of the logic of the position of the court in State *232 Through Dept. of Highways v. Garrick, La.App., 242 So.2d 278 (1st Cir. 1970):
“The general rule that loss of market value due to the taking is recoverable is subject to the limitation that such damages must be peculiar to the subject property and not such as are generally suffered by other land owners in the area.”
The lower court indicated that it felt that the appraisal of the damages submitted by John Lejeune was the most realistic appraisal and represents a determination made upon the most recent comparable with a view to proximity of time, location, size and other similar factors.
An examination of the testimony of the expert witnesses indicates that both Mr. Lejeune and Mr. Williams did use the most recent comparables particularly in proximity of location to the subject property. It could not be fairly said that the District Court ignored all other appraisals and considered exclusively that of Mr. Lejeune in that Mr. Lejeune’s testimony so closely paralleled that of Mr. Williams.
Therefore, we find no manifest error in the findings of the trial court and must adhere to the long settled principle that in absence of such error the findings of fact by the trial court shall not be disturbed.
For the reasons assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by appellant.
Judgment affirmed.