TUCKER, Judge.
This is an expropriation suit. The expropriation was designed to acquire land for the construction of a portion of the Interstate 110 project adjacent to the Airline Highway (U.S. 61) in the area between the Scenic Highway and Plank Road, in Baton Rouge, La. The property taken in full ownership is described in the order of expropriation as being 267.80 feet frontage on the Airline Highway, by an east side depth of 74.26 feet, by a west side depth of 74.59 feet, and 267.80 feet across the rear. In addition to the owner defendant, the lessee of the property, Norman L. Neyland, was made a defendant in the action.
On the south edge or boundary of the property taken is a strip or tract of land thirty (30) feet in width north and south extending east and west for the entire 267.80 feet, which United Gas Pipeline Corporation holds in full ownership. This latter tract intervenes between the land taken from Cefalu and another piece of property in the character of an “L” shape to the south of the United Gas property, which is also owned by Mr. Cefalu. This third piece of land comprises 37,706 square feet with a frontage on Casper Street of sixty (60) feet. Casper Street is a cross street which goes generally north and south, and presently intersects Airline Highway on the northwest corner of the property taken. When the subject highway improvement is completed there will be no access to the Airline for this southerly most Cefalu tract, and its access will be restricted to its 60 foot frontage on Casper Street.
On December 20, 1971 the trial court rendered its reasons for judgment in which it found that the value of the land and improvements taken amounted to the sum of $67,915.00 and severance damages to the remaining property ownership of Mr. Ce-falu south of the United Gas Pipeline piece in the sum of $81,877.00 or a total of $149,702.00. On rehearing when it was shown that the original judgment included severance damages initially awarded for the 8,034 square feet owned by United Gas, a corrected or amended judgment was signed on April 13, 1972 which, inter alia, reduced the severance damages to the sum of $67,785.00. From this judgment the plaintiff State has appealed.
In substance there is no dispute between the litigants on the value of the property taken, and the defendant Neyland has been dismissed as a party by virtue of a stipulated agreement between him and Mr. Ce-falu with respect to the division of such sum as might eventually be recovered.
The sole issue with which we are concerned is whether or not the trial court was correct in awarding the defendant landowner damages for his tract of land lying south of the thirty (30) foot strip of land owned by United Gas.
The landowner avidly contends that the part taken and his remaining tract have *691 been used and utilized for more than thirty-years as one entire and unitized tract of land, irrespective of the intervening ownership of United Gas. In support of this position witnesses stated that gravel and sand had been spread over the entire area to the rear or south of the restaurant building located on the part taken, and this entire area, including the surface of the pipeline, had been used for parking purposes for restaurant customers and workers who had car pool arrangements. The evidence clearly shows that there had been no prevention or interruption of the use of the pipeline property surface. In addition the defendant landowner alludes to grants from United Gas to John E. Knox, dated June 18, 1941, and from United Gas to Mrs. Julia Daniel, dated July 24, 19S0. The first document granted to Mr. Knox individually a right of ingress and egress across the subject 30 foot ownership so that he could pass freely between the tracts owned by him in Lot 27, which embraced all of the property in question. The second document granted to Mrs. Daniel the right to construct and maintain roads across two (2) IS foot strips on the extreme east and west portions of the United Gas property. This latter act provided that this right would go to the grantee, her successors and assigns so long as “said two (2) 15' strips are used and maintained by the grantee, her successors and assigns.” These two instruments were both recorded on December 10, 1971 during the latter stages of the trial. The order of expropriation was signed on May IS, 1970.
On the other hand the plaintiff State strenuously maintains that the property expropriated is a complete taking and that the trial court was erroneous in awarding severance or consequential damages for a separate and independent tract of land from the one physically taken or invaded for public purposes. The plaintiff points to the accepted principle of law that no consequential damages are recoverable for a separate and independent tract of land, none of which is physically taken, unless the owner sustains special damages, which peculiarly affect his property only and are not experienced by the public or neighborhood generally. These claims are based upon the premise that the ownership of United Gas in the thirty (30') foot strip of land divided defendant’s property into two separate and distinct tracts of land, and that such damages as may have been sustained by the remaining portion of defendant’s tracts south or below the pipeline ownership were non-compensable in nature.
The trial judge resolved this issue in favor of the defendant landowner, and he stated in his reasons for judgment the basis for this determination, to-wit:
“Admittedly, the issue is novel; however, the court is of the opinion that severance damages are due. This is because: 1) the property historically was one common tract of ground, 2) the properties have been utilized together for a common use by one owner, and 3) there has been no abatement of ingress and egress by the owners over the right of way for thirty years. This holding is despite the Court’s opinion that the original grants accorded by United Gas were personal in nature and have long since expired as to effectiveness.”
We do not agree with the trial court’s determination that this taking was a partial one and merited an award of severance or consequential damages for the remainder of Mr. Cefalu’s property which was separated and divided from the part taken by the intervening 30 foot strip of land owned by United Gas Pipeline Corporation. Admittedly the property south of the tract taken, including the piece owned by United Gas, has been used as an area for the parking of vehicles for approximately thirty years, and there is no evidence that United Gas ever did attempt to impede or abate ingress and egress across its strip of property by defendant and his authors in title. However, none of the authorities cited by the defendant nor any cases revealed by our independent research *692 involve factual circumstances analogous to the facts here. Without exception the cited jurisprudence involves instances where property is in a limited sense intervened or interrupted by servitudes, and the owners of such tracts so interrupted have the unequivocal right to cross the servitudes. These authorities in our opinion do not warrant the extension of the unity or entirety of use concept to the degree proposed by the defendant.
The proposition of law, relating to whether or not the use of a remaining portion of land was so intertwined, conjoint and unitized previously with the part taken as to result in consequential damages to such remainder is generally stated in Am. Jur.2d, Vol. 27, Sec. 315 as follows:
“It is a fundamental principle that where a portion of a parcel of land is taken for public use, the owner is entitled to recover for the injury to the remainder of that parcel only, and cannot recover for injury to separate and independent parcels of land which he may happen to own in the same neighborhood. According to the prevailing view, in determining what constitutes a separate and independent parcel of land, when the property is actually used and occupied, unity of use is the principal test, .”
“So, where the owner’s land is merely crossed by the easement of another, the fee remaining in him and the sections so made are not actively devoted, as so divided, to wholly different uses, they are generally to be considered actually contiguous, and hence as a single parcel or tract. Where parts of the same establishment are separated by intervening private land, they are considered as independent parcels, unless they are so inseparably connected in the use to which they are applied that the injury or destruction of one must necessarily and permanently injure the other. .” (Emphasis supplied.)
In the treatise entitled Eminent Domain in Louisiana, Dakin page 67, it is stated “The term ‘severance damage’ is properly confined to a description of those compen-sable injuries which flow from the partial expropriation of a parcel.”
In the case of Gulf States Utilities Company v. Comeaux, 182 So.2d 187 (La.App. 3d Cir. 1966) it was held that consequential damages to a separate and independent tract of land, no part of which is physically taken or invaded for public purposes, are not recoverable unless the owner sustains special damages thereby, which peculiarly affect his property only and which are not sustained by the public or neighborhood generally.
Had United Gas at any time chosen to prevent access by Mr. Cefalu across its property between his front and rear tracts, which was its legal right, then Mr. Cefa-lu’s access to his rear tract would have been restricted to the frontage on Casper Street. Thus limited in access the rear tract would have suffered only such damages by the taking as was common to the other property in the neighborhood and in the character of damnum absque injuria. See Reymond v. State, Department of Highways, 255 La. 425, 231 So.2d 375 (1970) and Patin v. City of New Orleans, 223 La. 703, 66 So.2d 616 (1953).
The trial court, in its reasons for judgment, cited the cases of State, Department of Highways v. Williams, 131 So.2d 600 (La.App. 3d Cir. 1961); State, Department of Highways v. Acme Brick Company, 162 So.2d 37 (La.App. 1st Cir. 1964); and State, Department of Highways v. Burden, 180 So.2d 784 (La.App. 1st Cir. 1965) in connection with its award of severance damages. We do not believe that the judge a quo intended to convey the position that the holdings in the cited cases were based upon facts analogous to those of the instant case. Suffice it to say that Williams, Acme and Burden all involved circumstances in which the remaining *693 properties were separated from the parts taken by servitudes only over which areas the landowners had the free and legal right of access. We are unaware of any authorities in the jurisprudence which hold that property which is divided by a tract of land held in fee ownership can be considered legally to constitute a unitized or single tract of land.
We will now consider what effect, if any, the conveyances to Mr. Knox and Mrs. Daniel by United Gas might have had with respect to amalgamating and unitizing the defendant’s property. The trial court determined that both of these grants were personal in character and had long since expired. Certainly this reasoning is correct with reference to the Knox conveyance as the wording of the instrument clearly denotes that the right of passage across the thirty (3CF) foot strip did not deraign to his purchasers, heirs, successors and assigns. This instrument did not convey a real right or servitude, and it does not derogate to Mr. Cefalu any right of access over and across the United Gas property.
The wording contained in the Daniel conveyance is somewhat different in context. This instrument specifically authorized the use of two 15 foot strips on the extreme east and west sides of the United Gas property for the construction and maintenance of roads. An apparent and discontinuous servitude such as a road can be established only by title. See LSA-C.C. Art. 766. Such a servitude is extinguished by non-usage during ten years. . See LSA-C.C. Arts. 783, 789 and 3546. We do not think that, for the purposes of resolving the problems of the present case, we are required to determine whether the conveyance to Mrs. Daniel created a real or predial servitude or whether it merely established a personal right in Mrs. Daniel, as held by the trial court.
The record in the case clearly depicts that neither Mrs. Daniel nor her successors in title made any effort to construct or maintain distinctive roads over the designated 15 foot tracts. In our opinion, while free access over and across the entire surface of the United Gas property had been permitted and allowed for about thirty years, this freedom of access and passage had existed solely at the sufferance of United Gas, and without reference to the development and maintenance of the designated strips described in the conveyance to Mrs. Daniel for roads. The prescription for non-usage for ten years is applicable to these circumstances.
It is likewise well to mention that the order of expropriation was signed on May 15, 1970, considerably in advance of the filing of the subject two conveyances on December 10, 1971. Under the law of registry the failure to place an instrument of record subjects an owner of an unrecorded incumbrance to the loss of his right in favor of one purchasing or acquiring rights on faith of public records. See LSA-C.C. Arts. 2010, 2015, and 2266. Simply put, the subject conveyances were filed too late to adversely affect the State, even it it be conceded, arguendo, that the conveyance to Mrs. Daniel created a real or predial servitude.
For the foregoing reasons the judgment of the trial court is amended by excluding therefrom the award of severance damages in the sum of $67,785.00; in all other respects, with the exception of the assessment of costs, the judgment is affirmed.
The defendant-appellee is cast with all costs of this appeal.
Amended and affirmed.